847 P.2d 323

**Celia TALLEY, Petitioner–Appellee,**

**v.**

**Buster A. TALLEY, Respondent–Appellant.**

**No. 14159.**

Court of Appeals of New Mexico.

Jan. 5, 1993.

Mark A. Filosa, Truth or Consequences, for petitioner-appellee.

Lawrence M. Pickett, Pickett & Associates, Las Cruces, for respondent-appellant.

## OPINION

MINZNER, Judge.

Husband appeals from a final judgment dividing community and separate property and awarding child support, alimony, and attorney fees. He claims error in: (1) the amount of child support; (2) the amount and length of alimony; (3) the division of the community property; (4) the characterization of property; and (5) the award of attorney fees. Except for Issue 3, this case appeared to be a case in which the court's findings were supported by substantial evidence, its conclusions were supported by the findings, and its discretionary acts were within its authority; in both calendar notices, we have proposed to reverse on Issue 3 and affirm on all others. Neither party has responded to our proposed disposition of Issue 3, and neither party now opposes the proposed disposition of Issue 4. For the reasons stated in the calendar notices, we thus reverse and remand for reconsideration on Issue 3 and affirm on Issue 4, and we do not discuss these issues further. See State v. Johnson, 107 N.M. 356, 758 P.2d 306 (Ct.App. 1988). Wife has filed a memorandum in support of our proposed dispositions of Issues 1, 2, and 5, and Husband has filed memoranda in opposition. We discuss these issues in the opinion that follows, and for the reasons stated, we affirm.

Although we are disposing of this case on the summary calendar, we believe that our resolution of the disputed issues may be useful precedent. Issue 1 required that we construe NMSA 1978, Section 40-4-11.1(C)(1) (Cum.Supp.1992), and Issues 1, 2, and 5 all raise questions of how this Court reviews for abuse of discretion. Although these are matters that may recur, we believe that the governing law and its application to the undisputed facts are clear. Therefore, disposition on the summary calendar is appropriate. See Garrison v. Safeway Stores, 102 N.M. 179, 692 P.2d 1328 (Ct.App.), cert. denied, 102 N.M. 225, 693 P.2d 591 (1984).

BACKGROUND.

We take the facts from the docketing statement, memoranda filed by the parties, and the record proper, which includes the trial court's findings and conclusions. See State v. Sisneros, 98 N.M. 201, 647 P.2d 403 (1982); State v. Calanche, 91 N.M. 390, 574 P.2d 1018 (Ct.App.1978). Husband and Wife were divorced on May 19, 1992, but the trial court reserved jurisdiction over child support, alimony, and property division issues. By stipulation, the parties agreed to joint legal custody of their minor daughter and that Wife would have primary physical custody. Husband appeals from the judgment entered July 1, 1992, disposing of the matters reserved when the parties were divorced in May.

Husband is fifty-nine, and Wife is forty-nine. They were married for over seventeen years. Husband has been on "complete and full" disability since 1976 for health reasons, and he is unemployable. According to the docketing statement, he receives a monthly disability benefit from the Social Security Administration (SSA) in the amount of $733 and a monthly disability benefit from the Veteran's Administration in the amount of $151. He also receives income from real estate contracts that are his separate property. Wife has not worked outside the home for twenty years, and she is employable only at minimum wage. She has no separate property. Their daughter is sixteen. She receives monthly child support checks from the SSA in the amount of $395, which will continue until she reaches age eighteen.

The trial court awarded $200 in monthly child support until the parties' daughter reaches age eighteen and monthly alimony of $400 for a period of five years and thereafter $200 monthly for the duration of Wife's life or until she remarries. The trial

court judge set aside property in the approximate value of $134,700 as community; he awarded $87,000 to Wife and $47,000 to Husband. The court found that Wife could not afford her attorney fees and recognized economic disparity between her resources and those of Husband.

On appeal, Husband contends that the trial court erred, because in view of his age, his total disability, Wife's age, and her ability to work, the court set child support too high, set alimony for too long a period and at too high a level, and should not have awarded Wife attorney fees. We believe this case requires us to construe the legislature's intent in enacting Section 40–4–11.1(C), as well as to clarify the scope of our appellate review in like cases.

ISSUE 1—CHILD SUPPORT.

■ Our second calendar notice proposed to affirm on the basis that Husband's income from real estate contracts and potential income from idle assets were sufficient to justify an obligation of $200 monthly. We based that proposed disposition on our construction of Section 40–4–11.1(C), which defines "income" for purposes of determining levels of child support. We now hold that because "gross income" includes "income from any source" and can include interest or trust income, *see* § 40–4–11.1(C)(2), the trial court was entitled to consider potential as well as actual, present income. Thus, we hold the trial court was entitled to consider assets that could produce such income, in addition to wages or salaries.

In addition to the wording of the statute, we rely on its purposes. We think that our reading of the statute establishing child support guidelines is consistent with the express stated purposes of the legislature in enacting it. *See* NMSA 1978, § 40–4–11.1(B) (Repl.Pamp.1989). The legislature noted that it intended to establish an adequate standard of support, subject to parental ability to pay, as well as to make awards more equitable by ensuring more consistent treatment of persons in similar circumstances. We believe that our construction of the statute advances both purposes.

In his memorandum in response to the second calendar notice, Husband does not dispute the propriety of including idle assets as potential income. He does, however, argue that because his daughter receives SSA benefits in her own right, the trial court's decision represents an abuse of discretion in the circumstances of this case. He notes that two of his real estate contracts are due to expire within a year, and that thereafter the trial court's order requires him to liquidate holdings to pay child support.

■ Even if we aggregate the SSA benefits and Wife's income, we are not persuaded that the trial court erred in its award of child support. Wife's income of $740 plus the daughter's $395 in SSA benefits equals $1,135. Husband's income is $1,970. Together, that equals $3,105. According to the guidelines, the basic support level is $451 a month. Husband's percentage share of that is 63.4%, or $285.93 monthly. We note that the SSA benefits the child receives will end when she turns eighteen, and that both parties agree that the amount due under the guidelines exceeds the amount awarded. We conclude that the trial court's award reflects a decision balancing the particular circumstances in this case.

The question Husband raises is whether the child support award should have been even lower. This is a question that the legislature has entrusted to the trial court judge, based on his or her considered opinion of the particular circumstances brought to that judge's attention. In view of the legislature's intent to make awards "more equitable by ensuring more consistent treatment of persons in similar circumstances," § 40–4–11.1(B)(2), appeals of awards at the level set forth in the guidelines should be rare. By the same token, an appeal by one against whom an award at a level lower than that set forth in the guidelines has been made should also be rare. *Cf. State v. Wright,* 84 N.M. 3, 498 P.2d 695 (Ct.App.1972) (error must be prejudicial to be reversible). There is no basis in this case to conclude that the trial court

erred in resolving the question of whether the award should be lower than $200.

## ISSUES 2 AND 3—ALIMONY AND ATTORNEY FEES.

■ We will not disturb a trial court's determination of the level of alimony to be paid or an award of attorney fees in a divorce action absent an abuse of discretion. *See Hertz v. Hertz*, 99 N.M. 320, 657 P.2d 1169 (1983). When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion. *State v. Ferguson*, 111 N.M. 191, 803 P.2d 676 (Ct.App.), *cert. denied*, 111 N.M. 144, 802 P.2d 1290 (1990). In this case, the length of the marriage, Husband's substantial separate assets, and Wife's lack of out-of-home working experience are factors that support an award of alimony.

Husband contends that the level of monthly support "seems excessive under the circumstances of this case." He acknowledges that "to require [him] to pay [her] rehabilitative alimony for a short period of time [arguably] has some merit because of the duration of the marriage and [her] lack of employment during that time." However, he contends that requiring alimony indefinitely was an abuse of discretion. He notes that Wife is currently employed and that he is unemployable. He also notes that he expects a shortfall within a year after two real estate contracts are paid up, and thereafter his income will not support his normal monthly expenses.

Wife's current employment is something the trial court considered as a potential source of income at the time of setting the alimony amount. It appears that the trial court balanced this factor, Husband's age and disability, and other factors in arriving at the alimony figure. The court found that Wife's current needs exceed her current ability to support herself. Husband's age and disability are factors the trial court was required to consider in making the alimony award; so also is Wife's minimum wage income. The record indicates that the trial court considered the relevant circumstances, applied the correct law, and reached a decision based on the law and the facts. *See generally Foutz v. Foutz*, 110 N.M. 642, 798 P.2d 592 (Ct.App.1990) (discussing factors to be considered in awarding alimony).

■ Alimony is a continuation of the right of support. *Ellsworth v. Ellsworth*, 97 N.M. 133, 637 P.2d 564 (1981). It is "based on need, ability to self-support, and the equities of the particular situation." *Id.* at 135, 637 P.2d at 566. The trial court found that since the parties separated, Wife "has undergone two major surgeries ... and has not been able to physically work until on or about May 13, 1992." In the division of community property, Wife received mostly nonliquid assets that could reasonably be seen as necessities of the custodial parent. Aside from a modest bank account, she received a car, the house the parties had owned jointly, and furniture.

The record indicates that this is a case in which neither party is really able to afford to be divorced. Neither is going to be well off after the divorce, and it appears that neither actually has enough to meet anticipated monthly expenses. None of these considerations or any of them in combination, as a matter of law, support a conclusion that the trial court judge abused his discretion in setting the level of alimony or in making the award indefinite. There is evidence that Husband, unlike Wife, has substantial separate property, and the trial court could have determined that Wife's needs were greater than Husband's, and that those needs could not be met by rehabilitative alimony. Therefore, there is no basis to conclude that the trial court abused its discretion in awarding alimony.

■ Our analysis of the attorney fees issue is similar. An award of attorney fees is appropriate when a party does not have the financial resources to proceed in a divorce action. The trial court found that Wife could not afford to pay her own fees. Husband notes that if the court's support and alimony awards are affirmed, Wife's income will exceed his. However, the award of attorney fees in divorce cases recognizes the ability to proceed with the divorce, and the evidence that supported

the trial court's decision to award alimony is substantial evidence to support the court's finding that Wife lacked the financial resources to proceed with the divorce at the time of the separation. Under these circumstances, the trial court's decision to award attorney fees was within its discretion.

CONCLUSION.

We reverse on Issue 3 and remand to the trial court to reconsider the property division consistent with our proposed holding in the first calendar notice, which was that the difference in the community property awards was more than a lack of "mathematical exactitude." *Foutz v. Foutz*, 110 N.M. at 644, 798 P.2d at 594. Otherwise, we affirm the judgment. No costs or attorney fees are awarded.

IT IS SO ORDERED.

BLACK and FLORES, JJ., concur.