This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GERRI BYRNE,**

    Petitioner-Appellee,

**v.**                                                                 **No. 32,588**

**RICHARD BYRNE,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Cortez Family Law, LLC
M. Michelle Cortez
Albuquerque, NM

for Appellee

Richard Byrne
Rowe, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Respondent appeals from a final decree and order granting dissolution of marriage, dividing and distributing assets, and awarding spousal support. We issued a notice of proposed summary disposition, proposing to uphold the decree and order. Respondent has filed a memorandum in opposition, and Petitioner has filed a responsive memorandum, which we have duly considered. Because we remain unpersuaded by the assertions of error, we affirm.

**{2}** As an initial matter, we note that Petitioner's responsive memorandum suggests that she wishes this Court to increase the awards of arrears and spousal support. However, because we find no indication that Petitioner filed a notice of appeal or cross-appeal, these supplemental matters are not properly before us. *See Peterson v. Peterson*, 98 N.M. 744, 748, 652 P.2d 1195, 1199 (1982) (indicating that the timely filing of a notice of appeal or a notice of cross-appeal is a jurisdictional prerequisite for a reviewing court to consider additional assertions of error); *and see generally* Rule 12-201(C) NMRA (providing that an appellee is not required to file a notice of cross-appeal in order to raise issues or arguments "for the purpose of enabling the appellate court to affirm" or "only if the appellate court should reverse, in whole or in part, the judgment or order appealed from"). We are therefore unable to consider Petitioner's arguments.

**{3}** We turn next to the various issues raised by Respondent. Because we set forth the pertinent background and our analysis in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

**{4}** First, Respondent renews his challenge to the district court's calculation of Petitioner's monthly rent and propane obligations, contending that the required payments do not accurately reflect the proportion of the total square footage occupied by Petitioner. [MIO 3] However, as we previously observed, mathematical exactness is not required relative to apportionment in domestic relations cases. *See generally Irwin v. Irwin*, 121 N.M. 266, 269, 910 P.2d 342, 345 (Ct. App. 1995) (observing that the equitable allocation of property between the parties "need not be computed with mathematical exactness"). Contrary to Respondent's suggestion, [MIO 2] this basic principle is applicable to the matter at hand. And, based on all of the information that is presently available to us, we remain unpersuaded that the discrepancies are significant enough to require reversal. *See generally Jurado v. Jurado*, 119 N.M. 522, 531, 892 P.2d 969, 978 (Ct. App. 1995) (observing that mathematical exactness is not required in this context, and rejecting a challenge on grounds that the district court's approach reflected a reasonable determination about what Wife should receive, and therefore there was no abuse of discretion).

**{5}** Second, Respondent continues to assert that the district court erred in valuing and dividing his sick leave. [MIO 3-4] However, the approach taken by the district court in this case is well supported. *See Arnold v. Arnold*, 2003-NMCA-114, ¶¶ 16-17, 134 N.M. 381, 77 P.3d 285 (holding that accrued sick leave constitutes a benefit of employment earned through community, and as such it is subject to equitable distribution upon dissolution of marriage). As we previously observed, Respondent's attempts to distinguish this case on grounds that his accumulated sick leave "has no independent value," in the sense that it constitutes some form of "salary replacement" which may or may not be used over the balance of employment are unpersuasive, [MIO 3-4] insofar as the court in *Arnold* rejected similar arguments. *Id.* ¶¶ 12-17.

**{6}** Third, Respondent renews his challenge to the award of arrears associated with his interim support obligations, based on financial assistance which Petitioner "admitted" receiving from her father. [MIO 4-5] However, as we previously observed, Petitioner also presented evidence that these funds were merely loaned. [DS 7] To the extent that the district court credited this evidence, it was under no obligation to treat those monies as income to Petitioner.

**{7}** Fourth and finally, Respondent continues to argue that the award of interim spousal support to Petitioner was improper, for lack of substantial evidence. More specifically, Respondent contends that the district court erred in determining that

4

Petitioner would not remain employed as her father's caretaker in the future, and contends that the hardship to him is so great the award should be overturned. [MIO 5-6] However, as we previously noted, insofar as Petitioner presented evidence, including her own testimony, to the effect that she would no longer be acting as her father's caretaker, the district court's finding is adequately supported. *See, e.g.*, *Lahr v. Lahr*, 82 N.M. 223, 478 P.2d 551 (1970) (holding that wife's testimony, in a proceeding for division of property in divorce action, constituted substantial evidence); *Helena Chemical Co. v. Uribe*, 2013-NMCA-017, ¶ 58, 293 P.3d 888 (observing, relative to financial means, that an individual's testimony constitutes substantial evidence).  The existence of conflicting evidence presents no basis for reversal. [MIO 5-6]  *See generally Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached.").

**{8}**     As we previously observed, the district court considered the appropriate factors when evaluating Petitioner's request for spousal support. *See* NMSA 1978, § 40-4-7(E) (1997).  Under the circumstances presented in this case, the award is well supported. *See, e.g., Lewis v. Lewis*, 106 N.M. 105, 115-116, 739 P.2d 974, 984-85 (Ct. App. 1987) (holding that a 62-year-old recipient who had been married to the

payor for nearly 40 years, whose marital role was primarily that of a homemaker, and whose spouse was able to afford alimony, was under no obligation to "rehabilitate" herself). While we recognize that the award may result in hardship, and we acknowledge Respondent's assertion he is left with insufficient funds to cover his routine living expenses, [MIO 7] this circumstance by itself does not render the award improper. *See, e.g., Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993) (upholding an award of indefinite spousal support, notwithstanding the fact that the payor's remaining income would not cover his normal monthly expenses). Respondent's attempts to distinguish this case from *Talley* are unpersuasive. Ultimately, insofar as "[t]he record indicates that the trial court considered the relevant circumstances, applied the correct law, and reached a decision based on the law and the facts[,]" the award must be upheld. *Id.* Respondent's remedy lies with the district court given that the award is expressly "modifiable."

{9} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

6

_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**

7