This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39087**

**KIMBERLY DERRICK,**

Petitioner-Appellee,

v.

**RICHARD CHAVEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Kimberly Derrick
Albuquerque, NM

Pro Se Appellee

Richard Chavez
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**     Respondent, a self-represented litigant, appeals from the district court's order denying his objections and its entry of the order of protection against him. Unpersuaded that Respondent's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm.

**{2}**     On appeal, Respondent contends the district court violated his due process right to be present at the hearing on the petition for order of protection and violated the Americans with Disabilities Act by refusing to reschedule the hearing to accommodate

his disability. [DS 1-3] As we explained in our notice, however, the factual predicate for Respondent's contentions on appeal consist of facts that were not presented to the district court and were not made a matter of record for our review. [CN 2-4] *See* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the [district] court was fairly invoked."); *In re Camino Real Env't. Ctr., Inc.*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 ("Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (alteration, omission, internal quotation marks, and citation omitted)); *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs.").

**{3}** In response to our notice, Respondent seems to express a desire to present this Court with evidence to support the factual claims made in his docketing statement. [MIO 1-2] This Court does not consider new evidence, however, or make any factual determinations. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."); *see also State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 ("As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses."). Therefore, we cannot consider Respondent's factual representations about discussions he had with the district court staff or the reasons why he did not attend the hearing. Nor can we consider evidence to support these claims. As we stated in our notice, Respondent must raise these matters with the district court first. *See, e.g.*, Rule 1-060(B) NMRA (providing an avenue for post-judgment relief).

**{4}** Also in response to our notice, Respondent complains that the "court" never contacted him to request proof of phone records to prove he had contact with district court staff. [MIO 2] It is not clear to which court Respondent refers. Given that this Court does not consider new evidence, we presume Respondent's complaint refers to the district court. Respondent does not cite to any authority that would support his claim of error, and we are not aware of any. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."). Generally, it is not the role of trial courts to request information from parties to show them how to establish their claims, and there certainly is no error in the absence of such instructions from a district court. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (explaining that pro se litigants will not be treated differently than litigants with counsel). Additionally, there is no indication in the record that Respondent informed the district court that he contacted court staff to justify his complaint that the district court failed to assist him in establishing his defense.

**{5}** Lastly, Respondent suggests that the "court" is biased against Rastafarians, and its ruling proves it. [MIO 3] Given that this Court is unaware of any religious or political affiliation of any party to this action, we again presume Respondent refers to the district court. Respondent does not demonstrate how he preserved this claim of bias. Also,

regardless of which court Respondent refers to, adverse rulings, alone, do not show bias. *See State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 ("Personal bias cannot be inferred from an adverse ruling[.]"); *cf. United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231 ("Rulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it even if the rulings are later found to have been legally incorrect."). Because Respondent does not base his allegation of bias on anything other than an adverse ruling, we reject his claim that the court was biased.

**{6}** For the reasons set forth in our notice and in this opinion, we affirm the district court's order denying Respondent's objections and its entry of the order of protection.

**{7}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**