**Certiorari Denied, No. 32,385, June 3, 2010**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:  2010-NMCA-057**

**Filing Date:  February 10, 2010**

**Docket No.  28,857**

**IN THE MATTER OF THE APPLICATION OF CAMINO REAL ENVIRONMENTAL CENTER, INC. FOR THE RENEWAL AND MODIFICATION OF A SOLID WASTE FACILITY PERMIT FOR THE CAMINO REAL LANDFILL**

**CAMINO REAL ENVIRONMENTAL CENTER, INC.,**

          **Appellant-Petitioner/Cross-Appellee,**

**v.**

**THE NEW MEXICO DEPARTMENT OF THE ENVIRONMENT (Secretary Ron Curry),**

          **Appellee/Cross-Appellee,**

**v.**

**LUZ VARGAS and HEATHER McMURRAY,**

          **Appellees-Respondents/Cross-Appellants.**

**APPEAL FROM THE NEW MEXICO DEPARTMENT OF ENVIRONMENT**
**Rudy S. Apodaca, Presiding Judge**

Sutin, Thayer & Browne, PC
C. Shannon Bacon
Christopher A. Holland
Albuquerque, NM

Kemp Smith, LLP

Hunter Burkhalter
Mark Osborn
Austin, TX

for Appellant/Cross-Appellee

Ron Curry, Secretary of the New Mexico Environment Department
Ripley B. Harwood, P.C.
Ripley B. Harwood, Special Assistant Attorney General
Albuquerque, NM

Tracy M. Hughes
Special Assistant Attorney General
NM Environment Department
Santa Fe, NM

for Appellee/Cross-Appellee

Sunland Park Grassroots Environmental Group
Luz Vargas
Sunland Park, NM

Sunland Park Grassroots Environmental Group
Heather McMurray
El Paso, TX

Sunland Park Grassroots Environmental Group
Robert Ardovino
Sunland Park, NM

Pro Se Appellees/Cross-Appellants

## OPINION

**BUSTAMANTE, Judge.**

**{1}**     Camino Real Environmental Center (Camino Real) appeals from the administrative decision and order of the New Mexico Secretary of the Environment (Secretary) renewing its permit to operate a landfill, but limiting the renewal to a one- year period.  The Solid Waste Act provides that "except as otherwise provided by law," private landfill permits "shall remain in effect ten years, or for the active life of the facility, whichever is less." NMSA 1978, § 74-9-24(G)(2) (1993).  On appeal, we consider whether the New Mexico Supreme Court's decision in *Colonias Development Council v. Rhino Environmental Services Inc.* (*Rhino*), 2005-NMSC-024, 138 N.M. 133, 117 P.3d 939, provides an exception

"as otherwise provided by law" allowing the Secretary to limit a landfill permit to a one-year period. We conclude that *Rhino* does not provide such an exception and that the Solid Waste Act does not otherwise authorize the Secretary to limit the duration of a permit.

{2}     Cross-Appellants Luz Vargas and Heather McMurray (Vargas and McMurray), acting pro se, challenge the approval of Camino Real's permit for any duration. They argue that in granting the permit, the New Mexico Environment Department (NMED) failed to consider evidence showing a history of considerable environmental contamination in Sunland Park. However, Vargas and McMurray's cross appeal does not directly challenge any of NMED's findings supporting approval of Camino Real's permit and otherwise fails to demonstrate an absence of substantial evidence, an abuse of discretion, or an outcome that is contrary to law.

{3}     Accordingly, we affirm the Secretary's decision to grant a permit, but we set aside the Secretary's final order because it was improperly limited to one year, and we remand to the Secretary for reconsideration of an order consistent with this opinion.

**BACKGROUND**

{4}     These appeals concern a privately owned existing landfill in Sunland Park, New Mexico situated adjacent to the U.S.-Mexico border to the south and near the Texas state line to the east. Joab, Inc. (Joab) was the previous operator of the landfill at this site and began operation there in approximately 1987. Joab's last landfill permit application at this site was considered in 1992 and was the subject of an appeal before this Court resulting in approval of a landfill permit for a term of five years. *See Joab, Inc. v. Espinosa*, 116 N.M. 554, 865 P.2d 1198 (Ct. App. 1993). The landfill was sold to Camino Real before the expiration of that five-year period.

{5}     Camino Real operated under Joab's 1992 permit until March 1997 when it was issued a modified permit extending the term an additional ten years and allowing expansion into a new unit (unit two) of the landfill. Unit two is the current active area of the landfill and includes twelve lined disposal cells on approximately 126 acres. Unit one, the initial fifty-acre area of the landfill, was closed in approximately 1992 and subsequently capped, re-vegetated, and monitored as required by NMED's regulations. Camino Real's 1997 permit was reissued in March 2001 to address the installation of certain gas collection and control systems required by law. Camino Real continued operating under that permit through March 2006. Camino Real filed this application seeking a ten-year renewal and permission to use new lined cells in unit three of the landfill. Camino Real anticipates that unit three will accommodate waste receipts through at least the ten-year extension period it sought.

{6}     Leading up to its consideration of Camino Real's permit, NMED took several measures to assess community concerns about the application. For example, NMED held public meetings in June and October 2007 to explain the permitting process, receive public comment, and respond to questions. In addition, NMED met with local officials, held

meetings specifically to listen to concerns over environmental issues, made records regarding Camino Real's application available for inspection within the community, and hired a consultant to research and assemble environmental studies in the Sunland Park area for review by the public.

**{7}** An NMED appointed hearing officer (Hearing Officer) conducted a public hearing on the application in Sunland Park from December 5 through December 20, 2007. During the hearing Camino Real, NMED, the City of Sunland Park, and several pro se community members—including Vargas and McMurray—entered appearances as parties. Camino Real and NMED submitted evidence and called witnesses in support of the application, and the remaining parties presented evidence and witnesses in opposition. In addition to the pro se community members, sixty-one other people gave public testimony opposing the application and fourteen submitted written comments in opposition to the landfill.

**{8}** After the hearing, the Hearing Officer issued a report containing 406 proposed findings of fact, sixty-nine conclusions of law, and a recommended final order. The Hearing Officer's proposed final order recommended that Camino Real's permit be approved for a ten-year period subject to compliance with thirteen conditions. This order was submitted to the Secretary for final approval and was ultimately adopted by the Secretary with some exceptions.

**{9}** The Secretary's final order reflected a concern that the Hearing Officer's report "did not include any portion of the public comment offered by [the sixty-one] people at the hearing" who were not called as witnesses by parties, but nonetheless provided testimony. The Secretary independently reviewed the transcripts containing the testimony of these individuals and disagreed with the Hearing Officer that the bases for their complaints were outside the scope of consideration. The Secretary concluded that, pursuant to *Rhino,* their comments were required to be considered and justified modification of several of the Hearing Officer's findings and conclusions, including limiting Camino Real's renewal to only one year. The Secretary stated that

> [i]n that year, [Camino Real] staff in this agency and the citizens will be able to continue to meet, and will have much more information about whether Asarco, which has negatively affected the health and welfare of the Sunland Park community, will be permitted by the State of Texas to reopen; whether new maquiladora development and other development anticipated in the area will proceed, and whether it has a beneficial effect in the community.

Camino Real requested that the Secretary reconsider the one-year limit, but the request was denied. The Secretary's decision to reduce the term of the permit from ten years to one year is the basis of Camino Real's appeal.

**DISCUSSION**

**1. The Secretary Lacked Authority to Limit Camino Real's Permit to One Year**

**{10}**    This Court has jurisdiction over the appeal of an administrative action taken pursuant to the Solid Waste Act under NMSA 1978, Section 74-9-30(A) (1990). "In exercising our jurisdiction to review administrative agency decisions made under the Solid Waste Act, this Court considers whether, as a matter of law, the decision is arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, or otherwise contrary to law." *Joab, Inc.*, 116 N.M. at 557, 865 P.2d at 1201.

**{11}**    Camino Real argues that the Secretary's action limiting the landfill permit to one year was inconsistent with the Solid Waste Act and solid waste regulations in place at the time of its permit application. The Solid Waste Act states that "[e]xcept as otherwise provided by law . . . each permit issued for a privately owned new or repermitted existing landfill, transfer station, recycling facility or composting facility shall remain in effect for ten years, or for the active life of the facility, whichever is less." § 74-9-24(G)(2). The solid waste administrative regulations in place at the time of Camino Real's application set out a virtually identical provision. *See* 20.9.1.200(L)(4) NMAC (11/27/01). Because the regulations cannot be interpreted more broadly than the Solid Waste Act, our analysis focuses on whether the Secretary acted in accordance with the statute. *See Family Dental Ctr. of N.M., P.C. v. N.M. Bd. of Dentistry*, 97 N.M. 464, 467, 641 P.2d 495, 498 (1982) (stating that "[i]f an agency, to whom the Legislature has delegated authority to promulgate rules and regulations within the guidelines set by the Legislature, promulgates rules which are broader than the guidelines set by the Legislature, the agency rules must yield to the guidelines"). Camino Real asserts that since the expected active life of its facility is approximately fifty years, the Secretary was required to affirm the Hearing Officer's recommendation for a ten-year approval.

**{12}**    Camino Real's challenge presents a question of statutory interpretation. Although the validity of NMED's action and its interpretation of the facts are given a degree of deference, *Joab, Inc.*, 116 N.M. at 557, 865 P.2d at 1201, interpretation of a statute is a question of law which we review de novo. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066 (filed 1997). "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Key v. Chrysler Motors Corp.*, 1996-NMSC-038, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55 (1996). In reviewing Camino Real's challenge, we observe the following general principles: (1) the plain language of the statute is the primary indicator of legislative intent; (2) we will not read into a statute language which is not there, particularly if it makes sense as written; (3) we will give persuasive weight to long-standing administrative constructions of statutes by the agencies charged with administering them; and (4) when several sections of a statute are involved, they must be read together so that all parts are given effect. *Kirkpatrick v. Santa Fe County BCC*, 2009-NMCA-110, ¶ 11, 147 N.M. 127, 217 P.3d 613.

**{13}** The Secretary acknowledges that the Solid Waste Act states that permits shall remain in effect for ten years, but argues that he nonetheless acted within his discretion by limiting the duration of the permit to one year. Specifically, the Secretary argues that modification of Camino Real's permit was justified because the New Mexico Supreme Court's decision in *Rhino* created an "[e]xcept[ion] as otherwise provided by law" in Section 74-9-24(G), and that "[t]he [S]ecretary may require appropriate modifications of the permit, including modifications necessary to make the permit terms and conditions consistent with . . . judicial decisions." § 74-9-24(G)(2). The Secretary asserts that this language confers broad discretion upon NMED and that he had a duty to liberally interpret the Solid Waste Act in order to uphold its intent and requirements. *See Atlixco Coal. v. Maggiore*, 1998-NMCA-134, ¶ 15, 125 N.M. 786, 965 P.2d 370 (stating that the Solid Waste Act is to be liberally construed in order to carry out its purpose); *see also Rhino*, 2005-NMSC-024, ¶ 35 (stating "that a certain amount of discretion is necessary to administer and enforce regulations so as to implement legislative enactments and meet the needs of individual justice").

**{14}** The *Rhino* case dealt with an application by Rhino Environmental Services, Inc. for a permit to operate a landfill in Chaparral, New Mexico approximately forty to fifty miles northeast of Sunland Park. *Id.* ¶¶ 2, 9 n.2. Rhino's permit was ultimately set aside on appeal based on NMED's failure to consider the community of Chaparral's non-technical quality of life concerns and issues relating to the cumulative effects that may result from proliferation of industrial land uses.[1] *Id.* ¶ 42. In summary, the Court held that non-technical public input is vital to the success of the Solid Waste Act, that the Secretary should consider such issues as they relate to public health and welfare concerns not addressed by specific technical regulations, and that ordinary concerns about a community's quality of life could influence the decision of whether to issue a landfill permit. *Id.* ¶¶ 23-24. The Court further held that the proliferation of industrial land uses must be evaluated under the Solid Waste Act and may affect the outcome of a permit application based on whether the "cumulative effects of pollution, exacerbated by the incidences of poverty, [create] a public nuisance or hazard to public health, welfare, or the environment." *Id.* ¶¶ 31-32.

**{15}** However, contrary to the Secretary's assertion, *Rhino* does not provide a legal exception to the Legislature's statement that, if approved, solid waste facility permits "shall remain in effect for ten years, or for the active life of the facility." § 74-9-24(G)(2). The Court in *Rhino* did not address the issue of permit duration, and there is nothing to suggest that the Court intended to create a legal exception to the permit duration provision. New Mexico Courts have generally interpreted provisions "except as . . . provided by law" to refer only to exceptions found in constitutional or other legislative provisions. *See State ex rel. N.M. Judicial Standards Comm'n v. Espinosa*, 2003-NMSC-017, ¶ 28, 134 N.M. 59, 73 P.3d 197 (indicating that when a constitutional provision establishes a power to be exercised

---

[1] One of the facts alleged in *Rhino* as evidence of proliferation of industrial and other noxious land uses in the area was the existence of Camino Real's landfill in Sunland Park. *Id.*

6

"'unless otherwise provided by law,' that law must come from the Constitution or legislation"). While, pursuant to *Rhino*, community input and proliferation issues are relevant considerations impacting the ultimate approval of a permit or the terms and conditions placed on a permit, *Rhino* provides no legal exception to the ten-year permit duration set forth by the Solid Waste Act.

**{16}** Absent an exception "as otherwise provided by law," the Secretary lacks authority to deviate from the duration provision of Section 74-9-24(G)(2). Applying the plain meaning rule, we find the language: "shall remain in effect for ten years, or for the active life of the facility, whichever is less," Section 74-9-24(G)(2), to be clear and unambiguous. *See Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (stating that in applying the plain meaning rule, we give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous). The Legislature's use of the word "shall" imposes a requirement that, if approved, landfill permits like Camino Real's will be issued for ten years or the life of the landfill. *See Tomlinson v. State*, 98 N.M. 213, 215, 647 P.2d 415, 417 (1982).

**{17}** Furthermore, we interpret the Secretary's authority generally to impose modifications as limited by the Legislature's inclusion of the express duration provision. Section 74-9-24(G)(2) states both that permits "shall remain in effect for ten years," and that "[t]he [S]ecretary may require appropriate modifications of the permit." In determining the meaning of this language we apply the tenet of statutory construction that where provisions appear to conflict, the specific requirements govern over the general. *See Compton v. Lytle*, 2003-NMSC-031, ¶ 16, 134 N.M. 586, 81 P.3d 39. We must also read all provisions under Section 74-9-24(G)(2) together in order to ascertain the Legislature's intent. *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 13, 142 N.M. 248, 164 P.3d 947; *see also Medina v. Holguin*, 2008-NMCA-161, ¶ 14, 145 N.M. 303, 197 P.3d 1085 ("Based on the statutory canon of construction, *noscitur a sociis*, a court must look to the neighboring words in a statute to construe contextual meaning."). Applying these rules, the Legislature's express proscription of a specific duration requirement prevails over its authorization for the Secretary to require modifications. This interpretation is particularly apropos in order to give meaning to the Legislature's inclusion of a specific permit duration requirement. *See In re Adjustments to Franchise Fees*, 2000-NMSC-035, ¶ 14, 129 N.M. 787, 14 P.3d 525 (stating that statutes must be interpreted so that no part is rendered surplusage or superfluous).

**{18}** The statute's history and background also demonstrate legislative intent to limit the Secretary's discretion with respect to permit duration. In *Joab, Inc.*, then Secretary Espinosa limited Joab's landfill permit to five years based on regulations stating that "[t]he Director shall not issue any permit for a period *longer than* [ten] years, which may be renewed." 116 N.M. at 560, 865 P.2d at 1204 (emphasis added) (internal quotation marks and citation omitted). Joab argued that, based on the evidence, its landfill permit should have been granted for the full ten-year term. *Id*. at 557, 865 P.2d at 1201. Examining the then existing provision, we concluded that the secretary acted within her discretion by limiting the permit

to less than ten years. *Id.* at 561-62, 865 P.2d at 1205-06. However, unlike the provision at issue in *Joab, Inc.*, the current Solid Waste Act does not use the ten-year duration as an outer limit, but instead as the required duration absent some shorter life span of a landfill facility.

{19}    The Legislature's decision to adopt statutory language differing from the then-existing regulations indicates a deliberate choice to create a non-discretionary minimum permit duration. The Legislature is presumed to have known the law in place at the time it adopted the Solid Waste Act. *State v. Adam M.*, 1998-NMCA-014, ¶ 21, 124 N.M. 505, 953 P.2d 40 (filed 1997). In adopting the Solid Waste Act, the Legislature could have simply incorporated the existing regulatory language governing permit duration. By not doing so the Legislature evinced an intent to require a specific duration based on the life of the landfill or ten years, whichever is less. *See* § 74-9-24(G)(2). We also note that from a policy perspective, it appears reasonable for the Legislature to mandate a required permit duration where the permit approval process requires significant investments of time and resources.

{20}    Although the Secretary lacked authority to limit the overall duration of Camino Real's permit to one year, the Solid Waste Act allows for intermittent reviews which could account for the Secretary's concerns about changing conditions impacting Sunland Park. Section 74-9-24(G)(2) incorporates a provision which requires a review of landfill permits "at least every five years," with the opportunity for additional reviews where there is "good cause." Such reviews "shall address the operation, compliance history, financial assurance and technical requirements for the landfill," and the Secretary may require appropriate permit modifications at that time. *Id.* These reviews require public notice, and if there is "significant public interest," a hearing. *Id.* Thus, the Act allows for public oversight in order to protect a community's health, safety, and welfare over shorter intervals, even where permits are issued for more substantial periods of time. We believe that the Legislature's authorization for the Secretary to perform such reviews accounts for the Secretary's concern that the circumstances affecting Sunland Park may change during the lifetime of a landfill permit which could justify action by NMED.

## 2.    The Cross Appeal Fails

{21}    As previously observed, in reviewing administrative determinations made under the Solid Waste Act, this Court considers only whether, "as a matter of law, the decision is arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, or otherwise contrary to law." *Joab, Inc.*, 116 N.M. at 557, 865 P.2d at 1201; *see* § 74-9-30(B). As pro se litigants, Vargas and McMurray are required to comply "with the rules and orders of the court and will not be treated differently than litigants with counsel." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 (filed 2008). "Although pro se pleadings are viewed with tolerance, a pro se litigant . . . is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Id.* (internal quotation marks and citation omitted).

**{22}** Vargas and McMurray generally agree that evidence of existing pollution in Sunland Park was entered into the record but disregarded by the Hearing Officer. The argument may be characterized as a challenge based on abuse of discretion or substantial evidence. We first note that contrary to Rule 12-213(A)(4) NMRA, Vargas and McMurray have not challenged any of the findings made by the Secretary. Under this Rule, where parties fail to "set forth a specific attack on any finding, . . . such finding[s are] deemed conclusive." *Id.* "A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence." *Id.* Thus, Vargas and McMurray have waived any arguments that the Secretary's findings are not supported by substantial evidence. *See Joab, Inc.*, 116 N.M. at 560, 865 P.2d 1204.

**{23}** Furthermore, Vargas and McMurray do not demonstrate that any of the Secretary's actions constitute an abuse of discretion. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65. When reasons both supporting and detracting from a decision exist, there is no abuse of discretion. *Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993). Here, Vargas and McMurray assert that five documents showing evidence of pollution in Sunland Park were disregarded. However, merely identifying the existence of evidence which may have tended to support a different outcome does not demonstrate an abuse of discretion. Given the unchallenged findings of fact, we cannot conclude that the Secretary's order was contrary to the facts and circumstances of this case.

**{24}** To the extent that Vargas and McMurray argue that, by disregarding evidence of existing pollution, the permit approval is contrary to law based on the issue of proliferation, their argument again falls short. At the conclusion of the public hearing, the Hearing Officer requested special briefing from the parties to address whether the issue of proliferation, as discussed in *Rhino,* applied to Camino Real's permit application. The Hearing Officer's ultimate conclusion was that the issue of proliferation need not be considered where, as here, a permit applicant was merely requesting renewal of an existing permit as opposed to requesting a new or additional facility. The Secretary apparently agreed by adopting the Hearing Officer's conclusion on this issue. Vargas and McMurray do not challenge any findings supporting this conclusion and we make no decision as to its correctness.

**{25}** However, even if the Hearing Officer erred by concluding that the question of proliferation need not be considered here, the error was harmless. The record reflects that, despite coming to this conclusion, the Hearing Officer nonetheless considered the question of proliferation and found that the evidence presented was insufficient to justify denial. Specifically, he stated that "[e]ven if the proliferation analysis had been relevant . . . the Opponents did not present the evidence necessary to perform a meaningful proliferation analysis in the hearing." Again the Secretary agreed. Vargas and McMurray have failed to challenge any findings supporting this conclusion and present no basis to set aside Camino Real's permit on this issue.

9

**CONCLUSION**

**{26}** For the foregoing reasons, we conclude that the Secretary did not have the authority to limit Camino Real's permit to one year where the New Mexico Supreme Court's decision in *Rhino* did not create a legal exception to the express permit duration set out by the Solid Waste Act. The *Rhino* case and its discussion of non-technical public testimony and proliferation impact only the ultimate decision to either approve Camino Real's landfill permit for ten years, approve it conditionally for ten years, or to deny it. Accordingly, we affirm the Secretary's decision to grant a permit, but set aside the Secretary's final order and remand for the Secretary to consider an order consistent with this opinion.

**{27}** **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**CELIA FOY CASTILLO, Judge**

**Topic Index for *Camino Real Environmental Center, Inc. v. NM Dept of Environment*, Docket No. 28,857**

| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
|--------|---------------------------------------|
| AL-AA | Administrative Appeal |
| AL-AC | Arbitrary and Capricious Actions |
| AL-LI | Legislative Intent |

| **AE** | **APPEAL AND ERROR** |
|--------|----------------------|
| AE-PR | Pro Se Representation on Appeal |

| **GV** | **GOVERNMENT** |
|--------|----------------|
| GV-WS | Water and Waste Systems |

| **MS** | **MISCELLANEOUS STATUTES** |
|--------|----------------------------|
| MS-SO | Solid Waste Act |

| **ST** | **STATUTES** |
|--------|--------------|
| ST-IP | Interpretation |

ST-LI     Legislative Intent