This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SHARI LOPEZ,**

Petitioner-Appellee,

v.                                                                    **NO. 35,078**

**ABELINO LOPEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

Salcedo Law
Betsy R. Salcedo
Albuquerque, NM

for Appellee

Abelino Lopez
Edgewood, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Respondent-Appellant Abelino Lopez (Respondent) appeals for the second time

from numerous orders of the district court. This Court issued a notice proposing to affirm. Respondent filed "Memorandum Color of Law," which we construe as a memorandum in opposition and have duly considered. Remaining unpersuaded, we dismiss, in part, and affirm, in part.

{2}     In our notice of proposed disposition, we noted numerous orders from which Respondent seeks to appeal are non-final. [CN 2–3] Based on the lack of finality of the custody determination, we proposed to dismiss, in part, as to the issues raised by the interlocutory orders Respondent cited. [Id.] *See Zuni Indian Tribe v. McKinley Cnty. Bd. of Cnty. Comm'rs*, 2013-NMCA-041, ¶ 16, 300 P.3d 133 ("The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." (internal quotation marks and citation omitted)). We further noted Respondent seeks to appeal from an order of protection and addendum to an order of protection in a related but separate case. [CN 3] We, therefore proposed to dismiss as to any issues related to the order of protection and the addendum. [Id.] Finally, we noted Respondent did not raise any issues specifically related to the attorney fees award in his docketing statement and did not provide any argument, facts, or authority demonstrating error in the district court's award of attorney fees. *See Headley v. Morgan Mgmt. Corp.*,

2

2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). [CN 3-4] Therefore, we proposed to affirm as to the award of attorney fees. [CN 4-5]

{3}      "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Rather than responding to our notice of proposed disposition by pointing out specific errors of law and fact, Respondent's memorandum in opposition continues to make numerous assertions regarding misconduct by the district court and opposing counsel and violations of his and his child's constitutional rights. [MIO 2–7] Because Respondent has not demonstrated any error, we dismiss, in part, and affirm, in part.

{4}      To the extent Respondent asserts he is prejudiced by his self-represented status, we again note, "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures,

3

and orders as are members of the bar." *In re Camino Real Envtl. Ctr., Inc.*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted).

{5}     Finally, we note Respondent's memorandum in opposition, as his docketing statement, makes numerous scurrilous allegations of misconduct by the district court, its personnel, and this Court. We caution Respondent to refrain from such conduct in the future. Failure to do so may result in monetary sanctions, rejection of pleadings, or both.

{6}     Accordingly, we dismiss, in part, and affirm, in part.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**