This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39393**

**MARY LOIS COLE,**

Plaintiff-Appellee,

v.

**ANTHONY D. RYD and JUSTA VERONICA RYD,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

Grammer Law Offices, P.C.
David A. Grammer III
Albuquerque, NM

for Appellee

Anthony D. Ryd
Justa Veronica Ryd
Albuquerque, NM

Pro Se Appellants

## DISPOSITIONAL ORDER

**YOHALEM, Judge.**

1.      Defendants Anthony Ryd (Anthony) and his wife, Justa Ryd, appeal from the judgment of the district court imposing a constructive trust for the benefit of Anthony's mother, Plaintiff Mary Lois Cole, on the mobile home and the Corrales property at issue in this appeal (referred to by the district court as the "Subject Property"). The trial court found that, although the mobile home and the Corrales property were titled in Anthony's name or in the names of both Defendants as husband

and wife, Plaintiff did not intend to make a gift of either the mobile home or the Corrales property to Defendants, and that she did not do so. The district court found there was a relationship of trust and confidence between Plaintiff and her son Anthony at all material times and that Anthony abused that confidential relationship to gain an interest in the Subject Property. The district court also made findings supporting all elements of promissory estoppel: that Plaintiff took significant actions with respect to the property to her detriment in reliance on the understanding that she was the owner of the property and in reliance on Anthony's role as her agent, acting in her name, and for her benefit. Not persuaded that the district court erred, we affirm the judgment.

2. We note here that Defendants, although represented by counsel in the district court, are appearing before this Court as pro se litigants. "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *In re Camino Real Env't Ctr., Inc.*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted).

3. Defendants make nine arguments on appeal. We address first Defendants' claim that the district court erred in rejecting the following defenses and affirmative defenses: (1) the inadequacy of consideration; (2) the doctrine of unclean hands; (3) the doctrine of laches and the statute of limitations; (4) Plaintiff's intent to deceive, falsify, and mislead the court concerning her awareness of ownership of the Subject Property; and (5) Plaintiff's self-serving and contradictory testimony.

4. Defendants' arguments claiming error by the district court in rejecting their five defenses all turn on this Court accepting Defendants' view of the facts, even though that view is in direct conflict with the district court's findings. Defendants ask us to find that (1) ownership of the property is fair consideration for all of the work Defendants did on Plaintiff's behalf, and that without being given ownership of the property, it is unreasonable to conclude that Anthony would have agreed to act as Plaintiff's agent; (2) given Plaintiff's criminal history, her treatment of Anthony when he was a child, and her history of mental illness, the district court should have rejected her claim under the doctrine of unclean hands; (3) Plaintiff knew Defendants claimed ownership of the property for many years and failed to timely proceed against Defendants in court in violation of the statute of limitations and doctrine of laches; (4) Plaintiff misled the court as to her knowledge of the property's ownership; and (5) Plaintiff's testimony was not credible because it was self-serving and contradictory.

5. We remind Defendants that "[a]s a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. This Court will not substitute its own findings for those of the district court if the district court's findings are supported by substantial evidence. *See Robey v. Parnell*, 2017-NMCA-038, ¶ 10, 392 P.3d 642 ("[T]his Court has definitively stated the standard that the judgment of the district court will not be disturbed on appeal if the findings of fact entered by the court are supported by substantial evidence, are not clearly erroneous, and are sufficient to support the judgment." (internal quotation marks and citation omitted)).

6.    In applying a substantial evidence standard of review, any disputed fact (where there is evidence on both sides) must be resolved by this Court in favor of the party who was successful in the district court. We defer to the district court's findings of fact so long as there is some evidence to support them. The presence of conflicting evidence that could have led to a different decision by the district court does not support reversal of a judgment on appeal. *Albuquerque Nat'l Bank v. Albuquerque Ranch Ests., Inc.*, 1982-NMSC-142, ¶ 19, 99 N.M. 95, 654 P.2d 548.

7.    In this case, both sides introduced conflicting evidence on each of the defenses. It was up to the district court to weigh the evidence, evaluate the credibility of the witnesses, and resolve disputed issues of fact. Our review of the evidence introduced at district shows that the findings of the district court are supported by the testimony of Plaintiff and by the exhibits submitted by Plaintiff. The fact that Defendants introduced conflicting testimony, drew conflicting inferences from the evidence offered, and impeached Plaintiff's testimony does not lead to reversal on appeal. We note that the testimony of a single witness, if found credible by the district court, is sufficient to support a finding of fact, regardless of how much conflicting evidence the other side produces. *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207. We therefore accept the district court's findings of fact and reject each of Defendants' five defenses because they are not supported by the district court's findings.

8.    We briefly address Defendants' remaining four arguments. Two of Defendants' arguments, one entitled, "Promissory estoppel" and the other entitled, "Court ruling error concerning required period for reimbursement," argue that the district court erred in failing to order that Defendants be reimbursed for the entire period beginning in January 2016 (rather than January 1017) when Defendants made mortgage, tax, and insurance payments on the Subject Property from their own funds. The record shows that the special master appointed by the district court to sell the Subject Property and distribute the proceeds is authorized to determine the amount of reimbursement owed to Defendants. Plaintiff concedes that the relevant time period dates back to 2016, as Defendants claim. Any typographical error in the year stated by the district court should be corrected on remand based on the special master's report.

9.    Defendants contend in the argument entitled, "Lack of discovery" that they were not informed until discovery ended that Anthony would be accused of having embezzled or misused his mother's funds. Defendants claim they did not have sufficient time to prepare a defense against these accusations. Defendants also claim that they did not have sufficient time to prepare their financial exhibits for introduction into evidence. As to the accusation of misuse of Plaintiff's funds, this claim was at the heart of this action and should have been evident upon review of the complaint and other pleadings long before discovery ended. We are not persuaded that these accusations were a surprise that required more time for discovery. Assuming that Defendants' financial exhibits were improperly excluded from evidence because they were untimely, Defendants have failed to establish any harm resulting from their exclusion. The district court permitted Anthony to rely on the exhibits at trial and to testify about their content. Because a showing of prejudice is required to reverse based on improper exclusion of

evidence, and no showing of prejudice is presented in Defendants' briefing on appeal, reversal is not required. "[I]n the absence of prejudice, there is no reversible error." *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (internal quotation marks and citation omitted).

10.     Finally, Defendants' claim of ambiguity in a single finding of the district court does not persuade us that there is any ambiguity when the decision is read as a whole. The challenged finding states that at the time the purchase of the Corrales property was first discussed, Plaintiff expected the property to be owned by her "or at the very least was to be owned jointly" with Anthony. Other findings resolve any ambiguity by explaining that as the purchase proceeded, only Plaintiff contributed money, and the parties understood that Plaintiff was to be the sole owner.

11.     For the reasons stated, we are not persuaded of any reversible error by the district court. We, therefore, affirm.

**IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**