This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40285**

**PAUL MARTIN,**

　　Plaintiff-Appellant,

v.

**CENTRAL NEW MEXICO CORRECTIONAL FACILITY; SR. WARDEN KEN SMITH; CORRECTIONAL OFFICER ORTEGA; CORRECTIONAL OFFICER GONZALES; VICKI FLYNN, L.P.N.; BENJAMIN LUJAN, M.D.; and BARRY J. BEAVEN, M.D.,**

　　Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mathew J. Wilson, District Court Judge**

Paul Martin
Hobbs, NM

Pro Se Appellant

Mynatt Springer, P.C.
Bradley A. Springer
Robert A. Cabello
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Paul Martin, a self-represented litigant, filed numerous tort claims against Central New Mexico Correctional Facility and various employees thereof, including

corrections officers (collectively, Defendants). Plaintiff's claims, in part, alleged that he was injured when he fell down a flight of stairs due to a seizure he suffered while being escorted from the shower to his cell in September 2017. Plaintiff further alleged: (1) Defendants knew of Plaintiff's medical condition but failed to monitor his seizure medication levels or place him in a cell on the lower level; and (2) following his fall, corrections officers used excessive force against Plaintiff.

**{2}** Plaintiff appears to appeal two orders of the district court: the order denying in part and granting in part Defendants' motion for summary judgment, and the order granting Defendants' motion to dismiss Plaintiff's excessive force claims. We note, however, that Plaintiff's brief in chief does not set forth arguments, assertions of error, citations to the record, or citations to relevant authority. *See* Rule 12-318(A)(4) NMRA (requiring that the brief in chief include "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"). "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't* (*In re Camino Real Env't Ctr., Inc.*), 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (alteration, internal quotation marks, and citation omitted); *see also Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 ("Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel.").

**{3}** We reiterate the longstanding principle that in any appeal before this Court, "there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." *Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (internal quotation marks and citation omitted). Further, in reviewing whether an appellant has demonstrated error by the district court, we will decline to review unclear arguments or rule on otherwise inadequate briefing. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Indeed, "to rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the [party's] work for them," which "creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted).

**{4}** While Plaintiff's brief in chief does not provide argument or assertions of error, and acknowledging that we hold pro se litigants to the same standard we would any other appellant appearing before this Court, we note that Plaintiff's reply brief more clearly articulates assertions of error and argument regarding the district court's dismissal of his excessive force claims, albeit in a broad and generalized manner. As a

general rule, "we do not address issues raised for the first time in a reply brief." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65; *see also* Rule 12-318(C) (stating that a reply brief "shall reply only to arguments or authorities presented in the answer brief"). To the extent, though, that Plaintiff's reply brief allows us to better discern on what basis Plaintiff challenges the district court's grant of Defendants' motion to dismiss Plaintiff's excessive force claims, we briefly address the substance of Plaintiff's argument in that regard.

{5}     The district court granted Defendants' motion to dismiss Plaintiff's excessive force claims because, in pertinent part, the corrections officers in question were not law enforcement officers under the Tort Claims Act (TCA), NMSA 1978, § 41-4-12 (1977, amended 2020), which waives immunity from tort liability when certain enumerated torts are caused by a law enforcement officer while acting within the scope of their duties. In his reply brief, Plaintiff argues—without specifying the version of the statute to which he refers—that the corrections officers are law enforcement officers under Section 41-4-12 because they are "legally consider[ed] peace officers and therefore second[-]class law enforcement." In order to establish that immunity is waived under any version of Section 41-4-12, in relevant part, "a plaintiff must demonstrate that the defendants were law enforcement officers acting within the scope of their duties." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 7, 121 N.M. 646, 916 P.2d 1313.

{6}     In 2017, when the events underlying this appeal occurred, as well as in 2018 and 2019, when Plaintiff filed his original and amended complaints, Section 41-4-12 read, in pertinent part, as follows:

> The immunity [otherwise] granted [to governmental entities and public employees while acting in the scope of duty] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, . . . or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

Section 41-4-12 (1977). In 2020, Section 41-4-12 was amended to include the following definition of "law enforcement officer" in addition to the above language from the 2017 version:

> For purposes of this section, "law enforcement officer" means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.

Section 41-4-12. Prior to the 2020 amendment, this Court had long held that corrections officers were not law enforcement officers under the TCA. *See Callaway v. N.M. Dep't of Corr.*, 1994-NMCA-049, ¶¶ 10-12, 117 N.M. 637, 875 P.2d 393 (concluding that

corrections officers were not law enforcement officers when their duties were "supervisory rather than custodial" and they "only incidentally maintained public order" by dealing with "individuals convicted of, rather than accused of, crimes"); *see also Davis v. Bd. of Cnty. Comm'rs of Doña Ana Cnty.*, 1999-NMCA-110, ¶ 35, 127 N.M. 785, 987 P.2d 1172 (citing *Calloway*'s holding that corrections officers only hold convicted persons in custody and therefore are not law enforcement officers under the TCA).

**{7}** On appeal, Plaintiff does not ask that we reconsider or modify *Calloway* or adopt a distinct interpretation of the definition of "law enforcement officer" to be read into the 2017 version of Section 41-4-12, and we are otherwise precluded from doing so. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (explaining that stare decisis "dictates adherence to precedent" and requires a compelling reason to overrule a prior case). Similarly, Plaintiff does not challenge the general rule that, on appeal, the applicable version of a given statute is that which was in effect when the underlying lawsuit became a pending case before the district court. *See Methola v. Eddy Cnty.*, 1980-NMSC-145, ¶ 14, 95 N.M. 329, 622 P.2d 234 ("Since the right to sue governmental entities and their officials [i]s governed entirely by statute, the applicable statutes are those which were in effect when the suits became pending cases."). Further, although Plaintiff does not argue that the 2020 amendment to Section 41-4-12 should be applied retroactively, to the extent we discern such an assertion from his briefing we note that "[o]ur courts follow the general rule that a statutory amendment applies prospectively unless the Legislature clearly intends to give the amendment retroactive effect." *GEA Integrated Cooling Tech. v. N.M. Tax'n & Revenue Dep't*, 2012-NMCA-010, ¶ 17, 268 P.3d 48; *see also* N.M. Const. art. IV, § 34 ("No act of the [L]egislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."). Indeed, "statutes are presumed to operate prospectively only and will not be given a retroactive effect unless such intention on the part of the Legislature is clearly apparent." *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 11, 389 P.3d 1087 (internal quotation marks and citation omitted). "The Legislature knows how to include language in a statute if it so desires," *Roser v. Hufstedler*, 2023-NMCA-040, ¶ 9, 531 P.3d 615, and we therefore presume that the Legislature did not intend for the 2017 version of Section 41-4-12 to include the definition of "law enforcement officer" that was ultimately included in the 2020 amendment to the statute.

**{8}** For these reasons, we are compelled to conclude that under the version of Section 41-4-12 in effect when the events underlying this appeal took place in 2017 as well as when Plaintiff filed his original and amended complaints in 2018 and 2019, the corrections officers at issue were not law enforcement officers. As such, there was no waiver of immunity for alleged torts committed by the corrections officers in this case and no error by the district court in dismissing Plaintiff's excessive force claims on such basis.

**CONCLUSION**

**{9}** For the above reasons, we affirm.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**