This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40218**

**RANDOLF L. JOHNSON,**

Plaintiff-Appellant,

v.

**DEBBIE DYE and BETTY DYE,**

Defendants-Appellees.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Frank A. Sedillo, Metropolitan Court Judge**

Randolf L. Johnson
Albuquerque, NM

Pro Se Appellant

Debbie Dye
Betty Dye
Albuquerque, NM

Pro Se Appellees

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**    Plaintiff Randolf L. Johnson, a self-represented litigant, filed a complaint against Defendants Debbie and Betty Dye in the metropolitan court after the roots of a tree growing on Defendants' property erupted on the surface of Plaintiff's property and damaged his landscaping. The metropolitan court granted Plaintiff relief. Plaintiff moved both for reconsideration and a new trial because he wanted to submit the evidence of damages that the metropolitan court acknowledged Plaintiff may have possessed during the bench trial but had not been introduced as exhibits. The metropolitan court denied both motions.

**{2}**     On appeal, Plaintiff claims the metropolitan court deprived him of due process by bypassing his opportunity to present evidence during his case in chief and failing to adequately accommodate his hearing disability. Plaintiff also argues that the metropolitan court miscalculated the damages it awarded him based solely on Defendants' presentation of evidence and abused its discretion by denying his motion to recuse, his motion for reconsideration, and his motion for a new trial. Perceiving no error, we affirm.

**BACKGROUND**

**{3}**     The parties do not dispute that the roots of Defendants' cottonwood tree surfaced in Plaintiff's yard and damaged his landscaping. Plaintiff filed a complaint seeking damages for the value of the destroyed landscaping and the costs for restoration of the landscaping. The parties attended mediation and agreed to split the costs of having the stump and roots removed from their respective properties. Nevertheless, Plaintiff maintained that Defendants should pay restitution for the "value, loss of use, demolition, removal of intrusive tree roots and restoration of landscape area total[ing] $2,621.31, . . . plus interest and court costs." The matter proceeded to a bench trial.

**{4}**     Plaintiff disclosed he had a hearing disability prior to trial and the metropolitan court took various measures to ensure he could hear the proceedings throughout the litigation. At trial, the metropolitan court offered multiple headset amplification devices, provided a live English to English translator, and on-screen transcription. Plaintiff never objected or otherwise notified the metropolitan court that he had trouble hearing during the trial itself.

**{5}**     The trial proceeded as follows. The metropolitan court placed Plaintiff and Defendant Betty Dye[1] under oath prior to opening statements because this was the court's standard procedure when presiding over proceedings with self-represented litigants. Plaintiff gave his opening statement, during which he mentioned several pieces of evidence he wished to present—a schematic of the area where the property had been damaged, photos of the damaged landscaping, and a line-by-line list of expenses related to his claim. With regard to the schematic of the property, Plaintiff stated, "I've got a schematic of the area affected, which is partially in the landscape. If you'd like, I can submit that to you so you can follow along with what area we are talking about." The metropolitan court judge replied, "It's your case, it's up to you." Plaintiff then stated, "This is Exhibit Number 3" and the court accepted the exhibit into evidence. Although Plaintiff mentioned other exhibits during his opening statement he did not submit those exhibits to the court.

**{6}**     Defendant then presented her opening statement, where she successfully moved for admission of multiple exhibits into evidence. Believing Plaintiff's itemized list of expenses had been submitted to the court, Defendant referenced Plaintiff's list of expenses as Exhibit 18, at which point the judge stated, "He has not submitted it."

---

[1]Hereinafter we refer to Betty Dye as "Defendant" because her mother, Debbie Dye, did not appear at trial.

Defendant responded she thought Plaintiff had submitted the exhibit and asked to admit the itemized list. The metropolitan court judge responded that Defendant could not admit the exhibit unless she could testify to the information therein. The itemized list of expenses was never introduced and admitted into evidence, either during the parties' opening statements or during their cases in chief. Similarly, Defendant mentioned a series of receipts that Plaintiff had included in his proposed exhibit list, but those receipts were never introduced and admitted into evidence.

{7}     Following opening statements, the metropolitan court judge asked Plaintiff if he had "any witnesses" to call or if he wanted to "testify further." Plaintiff responded, "Does that mean the body of my case, as opposed to the opening statement?" The judge explained that he had just received the parties' opening statements, and that this was Plaintiff's "opportunity to call any witnesses [he would] like." The judge reiterated that the entire opening statement was under oath, but again, this was Plaintiff's "opportunity to call a witness if [he would] like." Plaintiff replied, "Not necessary."

{8}     Defendant then presented her case in chief. Defendant called her witness—an arborist who had seen Plaintiff's property before and after the stump and roots had been removed. The arborist testified that he had prepared a quote and he would have charged Plaintiff $235 plus tax to remove the roots from his property and restore the landscaping. Plaintiff cross-examined the arborist, and noted that he had a receipt for the four tons of gravel he had purchased to replace the gravel portion of his landscaping. Defendant offered to submit that receipt for the gravel during her redirect but realized she could not do so. Although the judge previously informed Defendant she could not tender Plaintiff's itemized list of receipts as an exhibit, the judge stated that Defendant could tender Plaintiff's receipt for the gravel if she would like the metropolitan court to have it, but she declined. Defendant then stated she had no further witnesses, and closed her case in chief.

{9}     The judge then asked Plaintiff if he would like to present his rebuttal. Plaintiff responded that he had a rebuttal regarding Defendant's answer to his civil complaint, and asked if he could present it at that time. The judge explained that the rebuttal is limited to the testimony Defendant had presented, adding, "If you'd like to say something I'll give you the opportunity." Plaintiff briefly responded by contesting a comment the arborist had made regarding the time period when a certain landscaping material had become available. The judge then asked Plaintiff, "Was there anything else?" to which Plaintiff responded, "No." The judge pressed further—"Did you have any additional witnesses?" Plaintiff again, responded, "No."

{10}    The judge then proceeded directly to judgment, stating, "Since there is no additional evidence being presented, this is my decision." The judge stated Plaintiff's lack of understanding of the process meant that the metropolitan court did not receive any evidence of the damages other than the testimony of the arborist and that Plaintiff "would have been entitled, had he presented sufficient evidence, to not only the cost of the removal of the tree stumps, but whatever it took to replace and repair the landscaping," but specifically stated he had no such evidence. The judge went further,

stating that the parties had mentioned the itemized list of expenses but had failed to enter the exhibit into evidence and that "while there may have been information that [Plaintiff] had available with regard to those expenses, he simply didn't present them."

{11} Plaintiff objected, stating that he had repeatedly asked when he would be able to present the body of his case as indicated in an instructional pamphlet for pro se litigants, and noting that he had been confused because the judge had asked for "witnesses" rather than "exhibits," which he had on hand. The judge replied, "The witnesses have to present the exhibits, and so you can't present exhibits without a witness. I asked you directly whether or not you were going to testify and you said, No. I asked you on at least three separate occasions whether or not there was anything else—you said, No." The judge went on to note that Plaintiff had declined to present any other witnesses during rebuttal, and stated again, "It's unfortunate that you didn't fully understand the process. I presume that you do have information available right now that might support some of your damages claims . . . but the problem is that at this stage of the proceedings, you've already failed to present any of the evidence." The judge further stated, "The only evidence I have, ironically, is that [the arborist said] it would be $235 plus tax to prepare or perform some of the repairs that were necessary for the damage." The judge also noted that the parties discussed a receipt for the landscaping that Plaintiff had done, but neither party entered that exhibit, so there was no evidence of the actual cost of repair. The judge ordered judgment for Plaintiff based on the evidence he had received—$253.44 for the quote of $235 plus gross receipts tax, and $117 for the costs and service of process.

{12} Plaintiff filed a motion to reconsider and a motion for a new trial, arguing the metropolitan court denied him due process of law because he "was not allowed to present [his] testimony, evidence and exhibits at trial. . . . [T]he court did not follow the prescribed guidelines outlined in the pretrial and trial instructions." Plaintiff also argued that the metropolitan court should grant a new trial because it had not adequately accommodated his hearing disability. The metropolitan court denied the motion for reconsideration because Plaintiff had also filed an appeal in the district court. However, the metropolitan court did hold a hearing on the motion for new trial.

{13} At the hearing on the motion for new trial, the judge briefly invited Plaintiff to present his evidence stating, "If you would like to present additional information, now is your opportunity." Instead, Plaintiff argued that he had been denied due process and that the metropolitan court had abused its discretion by declining to admit his testimony, evidence, and exhibits, or accommodate his hearing disability. The judge replied that after reviewing the transcript, he had provided Plaintiff eight different opportunities to present his evidence, and that there was no indication that Plaintiff could not hear during trial because he never notified the court. Plaintiff reiterated that he had been confused because the judge had called for "witnesses," rather than "evidence" or "exhibits," and that the judge had summarily decided the case without considering the evidence that would have rebutted Defendant's case. The judge stated that Plaintiff had simply failed to follow the rules and procedures that the metropolitan court had outlined in the pretrial conference and the informational pamphlet. Of note, the judge did not go

over those procedures or the informational pamphlet during the pretrial conference in this case. The judge ultimately denied Plaintiff's motion for a new trial. The metropolitan court judge, however, did not resolve Plaintiff's motion for reconsideration on the merits, and the Court of Appeals remanded the case for a hearing on that motion.

**{14}** Plaintiff then filed a motion to recuse the metropolitan court judge, and a renewed motion to reconsider, again arguing that the judge had failed to follow the prescribed procedure and prevented him from admitting his exhibits, evidence, and testimony. The metropolitan court scheduled a hearing on the motion to reconsider, where Plaintiff rehashed the same arguments—that he believed he had been denied due process. The judge reiterated that he had provided Plaintiff with eight different opportunities to present his evidence. The judge ultimately denied the renewed motion to reconsider and the motion to recuse. This appeal followed.

## DISCUSSION

**{15}** The question before us is whether the metropolitan court deprived Plaintiff of his due process rights at trial, miscalculated damages, or abused its discretion by denying Plaintiff's motion to reconsider, motion for a new trial, and the motion to disqualify the judge. We address each issue in turn.

## I. Due Process

**{16}** Plaintiff first argues the metropolitan court deprived him of due process by proceeding to judgment before allowing him an adequate opportunity to present his evidence regarding costs he incurred to repair the damage to his property, and by failing to adequately accommodate his hearing disability.[2] As an initial matter, it bears noting that self-represented litigants "must comply with the rules and orders of the court and will not be treated differently than litigants with counsel." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126; *see Newsome, Jr. v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent [themselves], is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (emphasis omitted)).

**{17}** Whether a party has been deprived of due process is a question of law, which we review de novo. *Archuleta v. Santa Fe Police Dep't ex rel. City of Santa Fe*, 2005-NMSC-006, ¶ 31, 137 N.M. 161, 108 P.3d 1019. "Procedural due process mandates that a person be accorded an opportunity to be heard at a meaningful time and in a meaningful manner." *State ex rel. Child., Youth & Fams. Dep't v. Robert E.*, 1999-NMCA-035, ¶ 17, 126 N.M. 670, 974 P.2d 164 (internal quotation marks and citation

---

2Plaintiff failed to notify the metropolitan court that he could not hear during trial, and thus waived this argument. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). We therefore limit our review to whether the metropolitan court otherwise deprived him of due process.

omitted). "[P]rocedural due process is a flexible right and the amount of process due depends on the particular circumstances of each case." *Id.*

**{18}** "Before a procedural due process claim may be asserted, the plaintiff must establish that [they were] deprived of a legitimate liberty or property interest and that [they were] not afforded adequate procedural protections in connection with the deprivation." *Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶ 21, 118 N.M. 470, 882 P.2d 511. To determine whether a party had adequate procedural protections, our courts apply the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Gonzales v. Watson*, 2024-NMCA-033, ¶ 18, 545 P.3d 1190. "*Mathews* distilled three factors that courts should generally consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Id.* (alteration, internal quotation marks, and citation omitted). "In balancing these interests, we must consider the proceedings as a whole." *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regul. Comm'n*, 2010-NMSC-013, ¶ 28, 148 N.M. 21, 229 P.3d 494 (internal quotation marks and citation omitted).

**{19}** Here, Plaintiff has failed to develop an argument, based on the factors outlined in *Mathews*, that the metropolitan court failed to provide him with a meaningful opportunity to be heard. *See Mathews*, 424 U.S. at 340-49. We decline to develop such an argument on Plaintiff's behalf. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *see also Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (providing that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [lower tribunal] has erred").

**{20}** Although we sympathize with Plaintiff's confusion regarding the judge's requests for "witnesses" or "testimony" rather than "evidence" or "exhibits," we note that the judge did indeed provide him with multiple opportunities to enter his itemized list of expenses and receipts. The judge clearly requested Plaintiff's additional testimony, which allowed him an opportunity to lay the foundation for his exhibits. The judge also asked multiple times if Plaintiff had "anything else," which indicated a chance to admit his evidence. Nevertheless, we note that the judge's decision to swear in the parties before opening statements was ill-advised because it occasioned the confusion about when the parties could present their cases. Especially when presiding in cases involving self-represented litigants, we encourage trial judges at the outset of the trial, to briefly but clearly outline the procedure that will be followed during the trial, including, but not limited to the order (sequence) of the trial.

## II.      Calculation of Damages

**{21}** Plaintiff argues the metropolitan court erred because it "based its judgment for the amount of damages solely on . . . Defendant[']s testimony while refusing to hear . . . Plaintiff's evidence of loss." "The purpose of compensatory damages is to make the injured party whole by compensating it for losses." *Cent. Sec. & Alarm Co. v. Mehler*, 1996-NMCA-060, ¶ 11, 121 N.M. 840, 918 P.2d 1340. We will uphold a lower court's award of compensatory damages if it is supported by substantial evidence. *See Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 17, 140 N.M. 478, 143 P.3d 717. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (internal quotation marks and citation omitted).

**{22}** Here, the metropolitan court based its calculation of damages on the testimony presented by Defendant's witness. The arborist testified that he had prepared a quote and he would have charged Plaintiff $235 plus tax to remove the roots from his property and restore the landscaping. Plaintiff presented no evidence to controvert the arborist's testimony. The metropolitan court therefore properly relied on the substantial evidence presented to award Plaintiff $253.44 for the quote of $235 plus gross receipts tax, and $117 for the costs and service of process.

### III.    Motions for Reconsideration and a New Trial

**{23}** Plaintiff briefly complains that he was denied due process because the metropolitan court "summarily denied the subsequent appeals for reexamination and for a new trial." Despite Plaintiff's framing of the argument, "[w]e review the denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. "When reasons both supporting and detracting from a decision exist, there is no abuse of discretion." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 343. "[M]erely identifying the existence of evidence which may have tended to support a different outcome does not demonstrate an abuse of discretion." *Id.*

**{24}** Here, Plaintiff has failed to develop an argument asserting that the metropolitan court committed an abuse of discretion. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *City of Albuquerque*, 2021-NMCA-004, ¶ 10. Further, a district court may properly refuse to consider evidence in a motion to reconsider that could have been, but was not included in the original motion. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶¶ 9-10, 135 N.M. 423, 89 P.3d 672. We therefore affirm the metropolitan court's denial of Plaintiff's motion to reconsider and motion for a new trial.

### IV.    Motion to Recuse

**{25}** Plaintiff argues the metropolitan court erred when the judge refused to recuse himself. A judge's duty to hear a case is equally as compelling as a judge's duty to

recuse when disqualified. *See Gerety v. Demers,* 1978-NMSC-097, ¶ 9, 92 N.M. 396, 589 P.2d 180. However, "[r]ecusal should be used only for the most compelling reasons," and a judge "has no right to disqualify [themselves] unless there is a compelling constitutional, statutory or ethical cause for so doing." *Id.*

**{26}**   In this case, Plaintiff failed to demonstrate that the judge had to disqualify himself based on one of the necessary compelling reasons. Plaintiff again presents an undeveloped argument on this point. *See Elane Photography, LLC,* 2013-NMSC-040, ¶ 70; *City of Albuquerque,* 2021-NMCA-004, ¶ 10. We therefore decline to address this argument further, and hold that it was not error for the judge to decline to recuse himself from the case.

**CONCLUSION**

**{27}**   For the foregoing reasons, we affirm.

**{28}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**